FILED
2005 Oct-12 AM 10:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| QUINTON FITZGERALD BURKES, | ) | |
| | ) | |
| Movant/Defendant, | ) | |
| | ) | |
| v. | ) | 2:04-cr-00260-LSC-JEO |
| | ) | 2:05-cv-08045-LSC-JEO |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

The movant/defendant, Quinton Fitzgerald Burkes, has filed what purports to be a motion to vacate, set aside, correct or invalidate his sentence in this case. ("Motion"). Upon consideration, the court finds that the motion is due to be denied.

**BACKGROUND**

The defendant was indicted on July 1, 2004, on the offense of possessing a firearm after being convicted of a felony in violation of Title 18, United States Code, Section 922(g)(1). ("Indictment"). Because the defendant was in state custody, a writ of habeas corpus ad prosequendum was issued by the Clerk of the Court to obtain the defendant's presence for disposition of the case. The defendant pled guilty to the offense on September 28, 2004. He was sentenced on December 21, 2004, to 63 months custody to be served consecutive to the sentences he was serving on Jefferson County Circuit Court convictions. The defendant did not appeal his conviction or sentence.

On April 28, 2005, the defendant filed a motion seeking to be considered for and placed on probation. (Doc. 18). The motion was denied on May 3, 2005.

The present motion was filed on May 27, 2005. Therein, the defendant asserts that

because he was back in state custody, the federal detainer that was filed as a consequence of this charge has limited his availability to participate in other programs such as Honor Camp, work release, or community programs. He therefore seeks to have this court "set aside or to invalidate the remainder of the state sentence." (Motion at 3).

The United States was required to respond to the motion. It asserts that the motion is due to be denied and dismissed because the defendant waived his right to challenge the sentence imposed in this matter. (Doc. 7 at 1). The defendant was afforded an opportunity to respond and asserts that the motion to dismiss is due to be denied because he contends that he is not contesting the federal sentence, but is seeking to invalidate the state sentence of possessing a forged instrument. (Doc. 9 at 1-2).

**DISCUSSION**

To the extent the present motion seeks to impact the sentence previously imposed by the court in this matter, it is precluded by the plea agreement that the defendant entered into with the United States. He received the benefit of the bargain and is entitled to no more.

To the extent the present motion seeks to impact his state sentence, the motion is not properly filed under Title 28, United States Code, Section 2255. Any challenge to a state conviction and sentence is due to be filed pursuant to Title 28, United States Code, Section 2254 and only after the petitioner has exhausted state remedies. *See* 28 U.S.C. § 2254(b)(1)(A).

Contrary to the defendant's assertions, this court does not have the authority to simply "invalidate" his state sentence to permit him to continue his drug treatment in the federal prison system. Even it the court possessed such authority, this court considered the relevant sentencing factors under Title 18, United States Code, Section 3552(a)(1) and determined that the federal

sentence should run consecutive to the state sentences he was then serving. The court remains convinced that the sentence imposed was reasonable and appropriate under the circumstances.

**CONCLUSION**

Premised on the foregoing, the court finds that the defendant's motion to vacate is due to be denied.

Done this 11th day of October 2005.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124153